**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| | Case No. 2:16-CV-01086VEB) |
| MELODY A. OLVERA, | |
| Plaintiff, | DECISION AND ORDER |
| vs. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

## I. INTRODUCTION

In December of 2012, Plaintiff Melody A. Olvera applied for Disability Insurance benefits and Supplemental Security Income ("SSI") benefits under the Social Security Act. The Commissioner of Social Security denied the applications.

Plaintiff, by and through her attorneys, Law Offices of Martin Taller, APC, Troy D. Monge, Esq., of counsel, commenced this action seeking judicial review of

the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 7, 10). On October 5, 2016, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 15).

## II. BACKGROUND

Plaintiff applied for benefits on December 7, 2012, alleging disability beginning July 23, 2004. (T at 185-89, 190-95).[1]  The applications were denied initially and on reconsideration.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On June 23, 2014, a hearing was held before ALJ Sally C. Reason. (T at 37). Plaintiff appeared with her attorney and testified. (T at 59-86, 91-92, 95-96).  The ALJ also received testimony from Aida Worthington, a vocational expert, (T at 93-95, 97-109), Dr. Arthur Brovender, a medical expert, (T at 47-59), and Jamie Michelle Olvera, Plaintiff's sister. (T at 86-91).

On July 28, 2014, ALJ Reason issued a written decision denying the applications for benefits.  (T at 17-35).  The ALJ's decision became the

---

[1] Citations to ("T") refer to the administrative record at Docket No. 14.

DECISION AND ORDER – OLVERA v COLVIN 2:16-CV-01086-VEB

Commissioner's final decision on December 22, 2015, when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

On February 17, 2016, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 1). The Commissioner interposed an Answer on August 17, 2016. (Docket No. 13). The parties filed a Joint Stipulation on October 20, 2016. (Docket No. 17).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision must be affirmed and this case be dismissed.

## III. DISCUSSION

### A.   Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other

substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment

prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.    Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision,

1  made through an ALJ, when the determination is not based on legal error and is

2  supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.

3  1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

4  "The [Commissioner's] determination that a plaintiff is not disabled will be

5  upheld if the findings of fact are supported by substantial evidence." *Delgado v.*

6  *Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial

7  evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119

8  n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d

9  599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a

10  reasonable mind might accept as adequate to support a conclusion." *Richardson v.*

11  *Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and

12  conclusions as the [Commissioner]  may reasonably draw from the evidence" will

13  also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review,

14  the Court considers the record as a whole, not just the evidence supporting the

15  decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir.

16  1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

17  It is the role of the Commissioner, not this Court, to resolve conflicts in

18  evidence.  *Richardson*, 402 U.S. at 400. If evidence supports more than one rational

19  interpretation, the Court may not substitute its judgment for that of the

20

Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C.   Commissioner's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since July 23, 2004, the alleged onset date, and met the insured status requirements of the Social Security Act through December 31, 2009 (the "date last insured"). (T at 21).  The ALJ found that Plaintiff's degenerative disc disease and degenerative joint disease of the spine, polysubstance abuse (in remission since the end of March 2011), morbid obesity, and mood disorder were "severe" impairments under the Act. (Tr. 22).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 23).

DECISION AND ORDER – OLVERA v COLVIN 2:16-CV-01086-VEB

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR § 404.1567 (b) and 416.967 (b), including lifting up to 20 pounds occasionally and 10 pounds frequently, standing and/or walking 4 hours in an 8-hour workday, sitting without limitation, occasional performance of postural activities, avoiding hazards, and no crawling. (T at 24).

The ALJ concluded that Plaintiff could perform her past relevant work as a cashier. (T at 31).

Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between July 23, 2004, and July 28, 2014 (the date of the decision) and was therefore not entitled to benefits. (T at 31). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

**D.   Disputed Issues**

As set forth in the Joint Stipulation (Docket No. 17, at p. 2), Plaintiff offers three (3) main arguments in support of her claim that the Commissioner's decision should be reversed.  First, she contends that the ALJ did not properly address the medical opinion evidence.  Second, Plaintiff challenges the ALJ's step four analysis.

DECISION AND ORDER – OLVERA v COLVIN 2:16-CV-01086-VEB

Third, she argues that the ALJ erred by discounting her credibility.  This Court will address each argument in turn.

## IV. ANALYSIS

**A.    Medical Opinion Evidence**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, and/or the absence of regular medical treatment during the alleged period of disability, and/or the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

1     An ALJ satisfies the "substantial evidence" requirement by "setting out a

2     detailed and thorough summary of the facts and conflicting clinical evidence, stating

3     his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995,

4     1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)).

5     "The ALJ must do more than state conclusions. He must set forth his own

6     interpretations and explain why they, rather than the doctors', are correct." *Id*.

7         **1.      Dr. Roy**

8         On February 26, 2013, Dr. Rosalinda Amor Roy completed an authorization

9     to release medical information form, in which she noted that Plaintiff had a chronic

10    condition that limited her to working 2-3 hours per day. (T at 363).  Although it is

11    not clear whether Dr. Roy ever personally treated Plaintiff, Plaintiff definitely

12    received treatment from Dr. Roy's clinic. (T at 495-97).

13        The ALJ referenced Dr. Roy's report generally (T at 28), but did not mention

14    Dr. Roy by name or explain what weight, if any, was being afforded to Dr. Roy's

15    opinion.  Although this Court finds that this was error by the ALJ, a remand is not

16    required.

17        An ALJ's error may be deemed harmless if, in light of the other reasons

18    supporting the overall finding, it can be concluded that the error did not "affect[ ] the

19    ALJ's conclusion." *Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d 1190, 1197 (9th

20

DECISION AND ORDER – OLVERA v COLVIN 2:16-CV-01086-VEB

Cir. 2004); *see also Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054-55 (9th Cir. 2006) (describing the harmless error test as whether "the ALJ's error did not materially impact his decision"); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir.2006) (holding that an error is harmless if it was "inconsequential to the ultimate nondisability determination").

Here, Dr. Roy's opinion was conclusory and brief.  She offered no basis for her findings, failed to reference any clinical findings, and did not even identify the "chronic" condition she found disabling.  The ALJ is not obliged to accept a treating source opinion that is "brief, conclusory and inadequately supported by clinical findings." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1044-45 (9th Cir. 2007) (citing *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)).

In addition, the ALJ relied on substantial evidence in the record, which was sufficient to show that Plaintiff could perform work consistent with the RFC determination.  Dr. Arthur Brovender, a medical expert, reviewed the record and testified subject to cross-examination.  Dr. Brovender concluded that Plaintiff could perform all postural activities occasionally, stand/walk for 4 hours in an 8-hour workday, and sit without limitation. (T at 50-51).  "An ALJ may give greater weight to the opinion of a non-examining expert who testifies at a hearing subject to cross-

DECISION AND ORDER – OLVERA v COLVIN 2:16-CV-01086-VEB

examination." *Andrews v. Shalala*, 53 F.3d 1035, 1042 (9th Cir. 1995) (citing *Torres v. Secretary of H.H.S.*, 870 F.2d 742, 744 (1st Cir. 1989)).

The ALJ outlined in detail the treatment history, which was generally conservative. (T at 30). For example, Plaintiff was consistently described as having normal range of motion in her lower extremities, normal motor strength, normal muscle tone and bulk, and normal coordination. (T at 368, 395, 404, 413, 417, 422, 453, 456, 461). She was able to walk with normal gait and clinical testing was negative for nerve root irritation, hip disorder, and deep vein thrombosis. (T at 413, 417, 422). Neurological findings were normal. (T at 368, 395, 404, 413, 417, 422, 453). Dr. Sean Mie, an examining physician, opined that Plaintiff was not a candidate for surgery. (T at 422). Dr. Mie recommended weight loss, physical therapy, and epidural injections. (T at 422).

An impairment for which a claimant receives only conservative treatment is a specific and legitimate reason to reject an opinion the impairment is disabling. *See Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995). As discussed further below and detailed in the ALJ's decision, the contemporaneous treatment notes, clinical findings, and Plaintiff's activities of daily living were likewise sufficient to support the ALJ's overall conclusion.

DECISION AND ORDER – OLVERA v COLVIN 2:16-CV-01086-VEB

Accordingly, while this Court finds error with regard to the ALJ's failure to discuss Dr. Roy's opinion, that error was harmless and does not provide a reason for remand.

### 2.    Mental Health Impairments

In January of 2013, Dr. Mark Gieschrecht, a psychiatrist, completed a diagnosis information form, in which he noted a diagnosis of mood disorder, NOS, and assigned a Global Assessment of Functioning ("GAF") score[2] of 40 (T at 341). "A GAF score of 31-40 indicates some impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) or major impairment in several areas such as work or school, family relations, judgment, thinking or mood." *Tagin v. Astrue*, No. 11-cv-05120, 2011 U.S. Dist. LEXIS 136237 at *8 n.1 (W.D.Wa. Nov. 28, 2011)(citations omitted).

In June of 2014, Dr. Andrea Temerova, a treating psychiatrist, completed a mental impairment assessment.  She assessed moderate impairment with regard to Plaintiff's ability to remember locations and work-like procedures and carry out very short and simple instructions, mild limitation as to her ability to understand and remember very short and simple instructions, moderate impairment as to her ability

---

[2] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

DECISION AND ORDER – OLVERA v COLVIN 2:16-CV-01086-VEB

to maintain attention and concentration for extended periods, moderate limitation with respect to performing activities within a schedule, maintaining regular attention, and being punctual with customary tolerances. (T at 491).

Dr. Temerova assessed mild limitation as to Plaintiff's ability to sustain an ordinary routine without special supervision, and moderate limitation as to her ability to work in coordination with or proximity to others without being distracted by them and make simple work-related decisions. (T at 491-92). She also opined hat Plaintiff had moderately severe limitation in her ability to complete a normal work-day and work-week without interruptions from psychologically based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods. (T at 492).

Dr. Temerova assessed moderate and moderately severe social interaction limitations and moderately severe limitation as to Plaintiff's ability to appropriately respond to changes in the work setting. (T at 493). She diagnosed mood disorder, NOS, generalized anxiety disorder, and amphetamine dependence. (T at 493). Dr. Temerova reported that Plaintiff was addicted to amphetamines, but had the situation under control and had stabilized her symptoms. (T at 494).

The ALJ afforded "little weight" to Dr. Temerova's opinion, noting that she had only been treating Plaintiff for 2 months at the time of the assessment and

faulting Dr. Temerova for failing to evaluate Plaintiff's mood disorder independent of her drug dependence issues. (T at 30).  For the following reasons, this Court finds that the ALJ's decision was supported by substantial evidence.

First, the ALJ is obliged to consider the frequency, length, nature, and extent of the treating relationship when evaluating a treating provider opinion. Here, Dr. Temerova had a limited treating relationship with Plaintiff at the time of her evaluation. *See* 20 CFR § 404.1527 (c)(2)(i), (ii); *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010).

Second, the ALJ's decision was supported by the June 2013 assessment of Lou Ellen Sherrill, a consultative examiner.  Dr. Sherrill, a clinical psychologist, diagnosed dysthymia (secondary to medical problems), polysubstance abuse (reported to be in remission), and rule out substance-induced mood disorder. (T at 390).

Dr. Sherrill opined that Plaintiff could perform simple and repetitive tasks with minimal supervision and could perform such tasks with appropriate persistence and pace over a normal work cycle. (T at 390).  She also found that Plaintiff could understand, remember, and carry out at least simple to moderately complex verbal instructions without difficulty; tolerate ordinary work pressures and interact satisfactorily with others in the workplace (including the general public); and

DECISION AND ORDER – OLVERA v COLVIN 2:16-CV-01086-VEB

observe basic work and safety standards in the workplace without difficulty. (T at 390).  The ALJ gave "[c]onsiderable weight" to Dr. Sherill's opinion.  (T at 30).  "The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *see also see also* 20 CFR § 404.1527 (f)(2)(i)("State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation.").

Third, the ALJ noted that Plaintiff's mental health treatment was generally conservative and the clinical notes were not consistent with the severe limitations assessed by Dr. Temerova.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)(finding that "discrepancy" between treatment notes and opinion was "a clear and convincing reason for not relying on the doctor's opinion regarding" the claimant's limitations).  For example, treatment notes described Plaintiff as calm and oriented, with adequate insight, unimpaired memory and intellectual functioning, and with intact judgment and concentration. (T at 345).  Plaintiff's symptoms seemed to improve with treatment and she reported increased energy and motivation, along with an intention to enroll in college. (T at 342-43, 355-56).

DECISION AND ORDER – OLVERA v COLVIN 2:16-CV-01086-VEB

1    Plaintiff makes two additional arguments regarding the ALJ's consideration of

2    her mental health symptoms.  First, Plaintiff argues that the ALJ did not adequately

3    consider the GAF scores, ranging between 40 and 50, which indicated significant

4    mental health symptoms.   However, the ALJ gave careful consideration and

5    provided a detailed discussion of Plaintiff's mental health records, which included

6    the GAF scores.  An ALJ's decision will be sustained where, as here, it is supported

7    by substantial evidence, and the ALJ is not obliged to specifically address each and

8    every GAF score. *See Chavez v. Astrue*, 699 F. Supp. 2d 1125, 1135 (C.D. Cal.

9    2009); *Florence v. Asture*, No. EDCV 08-0883, 2009 U.S. Dist. LEXIS 59959, at

10   *17(C.D. Cal. July 1, 2009)("W]ithout more, the ALJ's assessment of the medical

11   record is not deficient solely because it does not reference a particular GAF score.").

12   This is, of course, not to say that the low GAF scores are not troubling or

13   suggestive of serious mental impairment(s).

14   However, as discussed above, Dr. Sherrill, the consultative examiner, found

15   that Plaintiff could understand, remember, and carry out at least simple to

16   moderately complex verbal instructions without difficulty; tolerate ordinary work

17   pressures and interact satisfactorily with others in the workplace (including the

18   general public); and observe basic work and safety standards in the workplace

19   without difficulty. (T at 390).   In addition, while Dr. Giesbrecht assigned an

20

DECISION AND ORDER – OLVERA v COLVIN 2:16-CV-01086-VEB

alarming GAF score, his clinical notes described Plaintiff as calm, orientated, and well-groomed, with adequate insight, intact judgment and concentration, and unimpaired memory and intellectual functioning. (T at 345).   Treatment notes indicated that Plaintiff responded to mental health treatment with "excellent results." (T at 342-43, 355-56).   Plaintiff was described as understanding test instructions and interview questions without difficulty (T at 387) and she did not show any symptoms of thought disturbance, aphasia (loss of ability to understand or express speech), or anomia (loss of ability to recall names of everyday objects). (T at 355-56, 387).

A decision by this Court to affirm the ALJ does not imply that the record is utterly devoid of evidence of disability or that a plausible case cannot be made that Plaintiff might have disabling impairments.   However, if there is conflicting evidence that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

Second, Plaintiff argues that the ALJ appears to have misapprehended Dr. Temerova's findings regarding substance abuse.   Dr. Temerova reported that

DECISION AND ORDER – OLVERA v COLVIN 2:16-CV-01086-VEB

Plaintiff was addicted to amphetamines, but had the situation under control and had stabilized her symptoms. (T at 494).  The ALJ faulted Dr. Temerova for failing to evaluate Plaintiff's mood disorder independent of her drug dependence issues. (T at 30).  However, as Plaintiff points out, Dr. Temerova seems to have been indicating that Plaintiff was addicted to amphetamines in the sense that someone who was once addicted is always addicted, but that she was not currently abusing substances and, as such, the assessment reflected her limitations when she was not abusing substances.  On this reading, the ALJ does appear to have erred by discounting Dr. Temerova's opinion on this basis.  However, there is sufficient other evidence of record (including, as discussed above, the consultative examiner's assessment and treatment notes) to sustain the ALJ's overall consideration of Plaintiff's mental health and the decision to reject the severe limitations assessed by Dr. Temerova. As such, even if the ALJ did misapprehend this particular aspect of Dr. Temerova's opinion, the ALJ's overall determination is nevertheless supported by substantial evidence and should therefore be sustained.

### 3.    Dr. Pollis

Dr. Richard Pollis performed a consultative orthopedic examination in November of 2013.  Dr. Pollis opined that Plaintiff could lift/carry 20 pounds occasionally and 10 pounds frequently; stand/walk 2 hours in an 8-hour workday

"with use of a cane," and sit 6 hours in an 8-hour workday with appropriate breaks. (T at 379).  With regard to Plaintiff's use of a cane, Dr. Pollis concluded that Plaintiff would not need such a device for all standing and walking, but would need it for prolonged ambulation and could not stand or walk more than 2 hours in an 8-hour workday without her cane. (T at 380).

The ALJ gave little weight to Dr. Pollis's opinion, finding it contradicted by the medical record and by the assessment of Dr. Brovender, the medical expert who testified at the administrative hearing. (T at 30).

Plaintiff argues that the ALJ erred and should have given more weight to Dr. Pollis's opinion.  However, it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400.  If the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

Here, the ALJ's decision was supported by substantial evidence and must therefore be sustained.  The record contains numerous normal clinical findings (e.g.

DECISION AND ORDER – OLVERA v COLVIN 2:16-CV-01086-VEB

1    normal range of motion, motor strength, normal gait, and ambulation without an

2    assistive device) and generally conservative treatment (recommended weight loss,

3    physical therapy, and epidural injections). (T at 368, 395, 404, 413, 417, 422, 453,

4    461, 464).   The fact that a claim received only conservative treatment is a specific

5    and legitimate reason to reject an opinion the impairment is disabling. *See Johnson*

6    *v. Shalala*, 60 F.3d 1428,1434 (9th Cir. 1995).

7         In addition, Dr. Pollis's conclusion appears to contradict his own exam

8    findings.  Plaintiff was noted to sit comfortably throughout the examination; she was

9    able to stand on her toes and heels; and had normal range of motion, motor strength,

10   sensation, reflex and pulses in her lower extremities. (T at 377-78).

11        Dr. Brovender reviewed the record, testified subject to cross-examination, and

12   concluded that Plaintiff retained the RFC to perform light work and that there was

13   no medical basis for concluding that Plaintiff needed a cane or crutch.  (T at 49-51).

14   "[A]n ALJ may give greater weight to the opinion of a non-examining expert who

15   testifies at a hearing subject to cross-examination." *Andrews v. Shalala*, 53 F.3d

16   1035, 1042 (9th Cir. 1995) (citing *Torres v. Secretary of H.H.S.*, 870 F.2d 742, 744

17   (1st Cir. 1989)).

18

19

20

DECISION AND ORDER – OLVERA v COLVIN 2:16-CV-01086-VEB

For the reasons outlined above, this Court finds that the evidence reasonably supports the ALJ's decision to discount Dr. Pollis's finding that Plaintiff needed a cane.

**B.    Past Relevant Work**

"Past relevant work" is work that was "done within the last 15 years, lasted long enough for [the claimant] to learn to do it, and was substantial gainful activity." 20 C.F.R. §§ 404.1565(a), 416.965(a).  At step four of the sequential evaluation, the ALJ makes a determination regarding the claimant's residual functional capacity and determines whether the claimant can perform his or her past relevant work. Although claimant bears the burden of proof at this stage of the evaluation, the ALJ must make factual findings to support his or her conclusion. *See* SSR 82-62. In particular, the ALJ must compare the claimant's RFC with the physical and mental demands of the past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv) and 416.920(a)(4)(iv).

In sum, the ALJ must determine whether the claimant's RFC would permit a return to his or her past job or occupation. The ALJ's findings with respect to RFC and the demands of the past relevant work must be based on evidence in the record. *See Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001).

DECISION AND ORDER – OLVERA v COLVIN 2:16-CV-01086-VEB

The Regulations provide that a vocational report and the claimant's testimony should be consulted to define the claimant's past relevant work as it was actually performed. *Id.*; SSR 82-61, 82-41.  With respect to the question of how the claimant's past relevant work is generally performed, the "best source" is "usually" the *Dictionary of Occupational Titles* ("DOT"). *See id.*, 20 CFR §§ 404.1566 (d) and 416.966 (d).

Here, the ALJ, relying on the testimony of a vocational expert, concluded that Plaintiff would be capable of performing her past relevant work as a "cashier II," as that work is generally performed. (T at 31).  This was consistent with Plaintiff's testimony, which indicated that her job- while nominally a "waitress" position – primarily involved management functions and attending to finances. (T at 93, 95).

Although the ALJ may not classify past relevant work "according to the least demanding function," *Valencia v. Heckler*, 751 F.2d 1082, 1086 (9th Cir. 1985), the ALJ may focus on the tasks that the claimant performed most of the time. *See Stacy v. Colvin*, 825 F.3d 563, 569-70 (9th Cir. 2016)("Here, [the claimant] spent the vast majority of his time supervising. We therefore hold that the ALJ did not categorize [claimant's] past work according to its least demanding function but instead correctly applied the 'generally performed' test.").

DECISION AND ORDER – OLVERA v COLVIN 2:16-CV-01086-VEB

1        As such, this Court finds no reversible error with regard to the ALJ's

2   characterization of Plaintiff's past relevant work or application of the "generally

3   performed" test at step four of the sequential evaluation. *See Tackett v. Apfel*, 180

4   F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably supports the

5   Commissioner's decision, the reviewing court must uphold the decision and may not

6   substitute its own judgment).

7   **C.     Credibility**

8        A claimant's subjective complaints concerning his or her limitations are an

9   important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d

10  1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the

11  claimant's credibility must be supported by specific cogent reasons. *Rashad v.*

12  *Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of

13  malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear

14  and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General

15  findings are insufficient: rather the ALJ must identify what testimony is not credible

16  and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834;

17  *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

18       However, subjective symptomatology by itself cannot be the basis for a

19  finding of disability. A claimant must present medical evidence or findings that the

20

existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows: she stopped working in 2004 because of back problems. (T at 60).  She cannot sit for prolonged periods. (T at 62).  She has not engaged in substance abuse for three years. (T at 63).  She stays in her room and has panic attacks. (T at 64).  She has used a cane for balance and leg weakness since 2004 or 2005. (T at 65, 67-68).  Pain shoots down her legs to her toes. (T at 66-67).  Balance issues have caused falls. (T at 68). Without her cane, Plaintiff can walk about 10 to 15 minutes. (T at 71-72).  Her back pain is severe. (T at 72).  Leg numbness prevents her from sitting more than 15-20 minutes. (T at 76). She lies down several hours during the day. (T at 91-92).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that her statements regarding the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 29).

For the reasons that follow, this Court finds the ALJ's decision consistent with applicable law and supported by substantial evidence.

DECISION AND ORDER – OLVERA v COLVIN 2:16-CV-01086-VEB

1    First, the ALJ found Plaintiff's subjective complaints contradicted by the

2 treatment notes, clinical findings, conservative treatment, and the opinions of Dr.

3 Brovender and Dr. Sherrill.   Although lack of supporting medical evidence cannot

4 form the sole basis for discounting pain testimony, it is a factor the ALJ may

5 consider when analyzing credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir.

6 2005).   In other words, an ALJ may properly discount subjective complaints where,

7 as here, they are contradicted by medical records. *Carmickle v. Comm'r of Soc. Sec.*

8 *Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart,* 278 F.3d 947,

9 958-59 (9th Cir. 2002).

10    Second, the ALJ noted evidence that Plaintiff engaged in more robust

11 activities of daily living than one would expect if her pain and other impairments

12 were as limiting as alleged.   For example, Plaintiff transported her daughter to and

13 from school, went shopping, did laundry, washed dishes, and cleaned the bathroom.

14 (T at 30).   When assessing a claimant's credibility, the ALJ may employ "ordinary

15 techniques of credibility evaluation." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217,

16 1224 n.3 (9th Cir. 2010)(quoting *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir.

17 1996)).   Activities of daily living are a relevant consideration in assessing a

18 claimant's credibility. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

19 Although the claimant does not need to "vegetate in a dark room" to be considered

20

1    disabled, *Cooper v. Brown*, 815 F.2d 557, 561 (9th Cir. 1987), the ALJ may discount

2    a claimant's testimony to the extent his or her activities of daily living "contradict

3    claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1112-

4    13 (9th Cir. 2011).

5        For the reasons outlined above, this Court finds no reversible error with regard

6    to the ALJ's credibility determination.

7

8                    **V. CONCLUSION**

9        After carefully reviewing the administrative record, this Court finds

10    substantial evidence supports the Commissioner's decision, including the objective

11    medical evidence and supported medical opinions. It is clear that the ALJ thoroughly

12    examined the record, afforded appropriate weight to the medical evidence, including

13    the assessments of the treating and examining medical providers and medical

14    experts, and afforded the subjective claims of symptoms and limitations an

15    appropriate weight when rendering a decision that Plaintiff is not disabled. This

16    Court finds no reversible error and because substantial evidence supports the

17    Commissioner's decision, the Commissioner is GRANTED summary judgment and

18    that Plaintiff's motion for judgment summary judgment is DENIED.

19

20

DECISION AND ORDER – OLVERA v COLVIN 2:16-CV-01086-VEB

# VI. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision and DISMISSING this action, and it is further ORDERED that

The Clerk of the Court file this Decision and Order and serve copies upon counsel for the parties.

DATED this 22nd day of December, 2016.

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – OLVERA v COLVIN 2:16-CV-01086-VEB